UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ROY D. HOUSTON, SR., )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>JODY HATHAWAY,[1] )<br>  Warden, Shawnee Correctional Center, )<br>)<br>Respondent. ) | No. 06-cv-01304 |

## O P I N I O N  A N D  O R D E R

Before the Court are Petitioner's Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2254 and Petitioner's Motion for Leave to Expand the Record. [Docs. 9, 17] For the following reasons the Habeas Petition and the Motion for Leave are both DENIED.

## I.
## BACKGROUND AND PROCEDURAL HISTORY

Petitioner, Roy D. Houston, is incarcerated at the Shawnee Correctional Center in Vienna, Illinois. On May 12, 1993, a jury trial in the Circuit Court of McLean County, Illinois resulted in Petitioner's conviction for twelve counts of aggravated criminal sexual assault. The state trial court sentenced Petitioner to six consecutive terms of eight years' imprisonment, to

---

[1] The Court substitutes Jody Hathaway for Shelton Frey, who Petitioner previously named as Respondent. See Rules Governing Section 2254 Cases in the United States District Courts 2(a); see also Fed. R. Civ. P. 25(d)(1). Jody Hathaway is currently the warden of the Shawnee Correctional Center and is the proper Respondent in this case.

be served concurrently with six additional terms of eight years' imprisonment.

Petitioner appealed his conviction to the Illinois Appellate Court, raising four issues involving trial court errors and due process violations. On May 9, 1995, the state appellate court affirmed Petitioner's conviction. People v. Houston, No. 4-93-0680, Rule 23 Order (Ill. App. Ct., May 9, 1995). Petitioner subsequently filed a petition for leave to appeal (PLA) in the Illinois Supreme Court, raising one issue: that he was denied due process when the state trial judge declined the jury's request to define the term "reasonable doubt." The Illinois Supreme Court denied the PLA on October 4, 1995. People v. Houston, No. 79194, Order Denying PLA (Ill., Oct. 4, 1995).

Petitioner then filed a post-conviction petition containing five new grounds for relief in the Circuit Court of McLean County, pursuant to the Illinois Post-Conviction Act, 725 Ill. Comp. Stat. 5/122-1, *et seq*. (2002). On March 23, 2000, the trial court denied the petition. Petitioner appealed to the Illinois Appellate Court, arguing that his post-conviction trial counsel failed to provide a reasonable level of assistance by failing to support with documentary evidence Petitioner's allegations that his original trial counsel was ineffective. The Illinois Appellate Court affirmed the trial court's ruling on August 28, 2001. People v. Houston, No. 4-00-0337, Rule 23 Order (Ill. App. Ct., Aug. 28, 2001). Petitioner subsequently filed a PLA with the

Illinois Supreme Court raising the same issue and was denied leave to appeal. People v. Houston, 763 N.E.2d 774 (Table) (Ill., Dec. 5, 2001).

In addition to his post-conviction petition, Petitioner also filed several motions. On September 10, 2001, Petitioner filed with the Illinois Appellate Court a motion requesting a rehearing. That motion asked the state appellate court to consider two issues that Petitioner had not previously raised. The court denied that motion on September 25, 2001. Petitioner did not appeal.

On July 24, 2001, Petitioner filed in the Circuit Court of McLean County a motion to vacate judgment, claiming that the trial court's imposition of consecutive sentences violated Apprendi v. New Jersey, 530 U.S. 466 (2000). The trial court struck Petitioner's motion, and Petitioner appealed that ruling to the Illinois Appellate Court, which affirmed. People v. Houston, No. 4-02-0093, Rule 23 Order (Ill. App. Ct., Aug 19, 2003). Petitioner did not file a PLA with the Illinois Supreme Court challenging the ruling on his Apprendi claim.

Instead, Petitioner filed a second motion to vacate judgment on July 3, 2003 in the trial court, arguing that his consecutive sentences were unconstitutional because the prosecutor failed to prove at trial that Petitioner had inflicted great bodily harm on his victim. The trial court denied the motion, and the Illinois Appellate Court affirmed. People v. Houston, No. 4-04-0121, Rule 23 Order (Ill. App. Ct., Nov. 4, 2004). On December 29, 2004,

3

Petitioner filed a PLA raising the sentencing issue, which the Illinois Supreme Court denied on March 30, 2005. People v. Houston, 830 N.E.2d 6 (Table) (Ill., Mar. 30, 2005).

Next, on January 12, 2004, Petitioner filed in the trial court a successive post-conviction petition, raising a prosecutorial misconduct claim and an ineffective assistance of counsel claim as to appellate counsel on Petitioner's first post-conviction appeal. The trial court dismissed the petition. Petitioner appealed the dismissal, and the Illinois Appellate Court affirmed. People v. Houston, No. 4-04-0305, Rule 23 Order (Ill. App. Ct., Mar. 8, 2005). On April 28, 2005, Petitioner filed a PLA with the Illinois Supreme Court raising two arguments: (1) the prosecution withheld from the defense evidence respecting the victim's mental state and evidence that the victim was on psychotropic medication at the time of trial; and (2) appellate counsel on Petitioner's first post-conviction appeal was ineffective for failing to argue that trial counsel was ineffective. The Supreme Court denied the PLA. People v. Houston, 839 N.E.2d 1030 (Table) (Ill., Sept. 29, 2005).

On October 31, 2006, Petitioner filed in federal district court seeking the writ of habeas corpus. On November 24, 2006, the petition was transferred to this Court for review. [Docs. 5, 9]

## II.
## LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) applies to Petitioner's habeas corpus petition. Coulter v. McCann, 484 F.3d

4

459, 466 (7th Cir. 2007). Under the AEDPA, a federal district court may entertain a petition for the writ of habeas corpus by a person incarcerated pursuant to a state court judgment only on the ground that the incarcerated person is in custody in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). The writ will issue only if the habeas petitioner shows that the state court proceeding resulted in a decision that was (1) contrary to, or involved an unreasonable application of, clearly established federal law or (2) based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

It is well established that state prisoners convicted in Illinois must give the Illinois Supreme Court an opportunity to resolve federal constitutional errors before presenting the issue to a federal district court on habeas review. O'Sullivan v. Boerckel, 526 U.S. 838, 846 (1999). In Illinois, a petitioner must have fairly presented each claim raised in his habeas petition to the Illinois Appellate court and to the Illinois Supreme Court in a PLA. Guest v. McCann, 474 F.3d 926, 930 (7th Cir. 2007). Any claim that a petitioner fails to advance through one complete round of state appellate review is procedurally defaulted and may not be considered by the federal habeas court. Id.

A procedural default may be excused only if a habeas petitioner demonstrates either (1) cause for the default and resulting prejudice or (2)

that the federal court's foreclosing of habeas relief would result in a fundamental miscarriage of justice. <u>Lewis v. Sternes</u>, 390 F.3d 1019, 1026 (7th Cir. 2004).

### III.
### ANALYSIS

Petitioner raises six primary issues in his petition for the writ of habeas corpus under 28 U.S.C. § 2254: (1) constitutionally ineffective assistance of trial counsel in Petitioner's original trial; (2) ineffective assistance of appellate counsel on direct appeal; (3) ineffective assistance of appellate counsel on Petitioner's first post-conviction appeal; (4) Petitioner was denied due process at trial when (a) the prosecution violated <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) by failing to disclose the victim's mental health records; (b) the prosecution introduced the victim's perjured testimony; (c) the prosecutor made prejudicial comments during closing arguments; and (d) the trial court issued improper jury instructions; (5) the trial court imposed consecutive sentences upon Petitioner in violation of Illinois law and the Due Process Clause of the Fourteenth Amendment; (6) Petitioner was not proven guilty of aggravated criminal sexual assault beyond a reasonable doubt. [Doc. 9]

For the reasons set forth below, each of these claims is procedurally defaulted except for Petitioner's reasonable doubt instruction claim and his claim challenging the constitutional effectiveness of post-conviction appellate counsel. Petitioner's reasonable doubt claim is dismissed for lack of merit

and his post-conviction ineffectiveness claim is not cognizable in federal habeas review under 28 U.S.C. § 2254.

**1. Ineffective Assistance of Trial Counsel**

In the first ground of his habeas petition, Petitioner claims that his trial counsel was constitutionally ineffective under Strickland v. Washington, 466 U.S. 668 (1984). In order to preserve his claims of ineffective assistance of trial counsel for federal habeas review, Petitioner was required to raise these claims in a PLA to the Illinois Supreme Court. Guest, 474 F.3d at 930. Petitioner failed to file such a petition with the Illinois Supreme Court, and the time in which Petitioner could have timely done so has passed. Ill. Sup. Ct. Rule 315(b)(1). As a result, Petitioner has procedurally defaulted his claims of ineffective assistance of trial counsel. Boerckel, 526 U.S. at 848.

A procedural default may be excused only if a federal habeas petitioner demonstrates either cause for the default and resulting prejudice or that the federal court's foreclosing of habeas would result in a fundamental miscarriage of justice. Lewis, 390 F.3d at 1026.

In order to show "cause," a petitioner usually must point to an objective impediment, external to his defense, that prevented him from presenting the defaulted claim through one full round of state appellate proceedings. Guest, 474 F.3d at 930. Constitutionally ineffective assistance of counsel is a recognized impediment to show "cause." Lewis, 390 F.3d at 1026. But the petitioner must still give the state courts the first opportunity

to resolve the ineffectiveness claim.  Id.  If the petitioner fails to take the ineffectiveness claim through one complete round of state appellate review, the claim is procedurally barred and may not serve as "cause" to excuse a default as to other constitutional claims not fairly presented to the state's highest court.  Id.  Thus, insofar as Petitioner is arguing that ineffective assistance of his counsel on direct appeal was "cause" for his failure to raise an ineffective assistance of trial counsel claim on direct appeal, the Court rejects that argument.  Petitioner never presented his ineffective assistance of direct appellate counsel claim to the Illinois Supreme Court in a PLA.  As a result, that claim is procedurally defaulted.  Id.  Further, insofar as Petitioner argues that ineffective assistance of his appellate counsel on Petitioner's first post-conviction appeal establishes "cause" for default of his ineffective assistance of trial counsel claim, that argument is also rejected. Petitioner has no constitutional right to effective counsel in state post-conviction proceedings.  Morrison v. Duckworth, 898 F.2d 1298, 1300-01 (7th Cir. 1990).  Because Petitioner cannot establish cause for his default, the Court need not address the prejudice prong of the test.

In order to show that a federal court's denial of habeas review would result in a fundamental miscarriage of justice, Petitioner is required to show that no reasonable juror would have found Petitioner guilty of the crime but for the errors made in state court.  Lewis, 390 F.3d at 1026.  Petitioner has not made a showing of evidence that meets this stringent standard.

Therefore, no fundamental miscarriage results from this Court's dismissal of Petitioner's ineffective assistance of trial counsel claim on procedural grounds.

**2. Ineffective Assistance of Appellate Counsel on Direct Appeal**

As his second ground for federal habeas relief, Petitioner contends that his appellate counsel on direct appeal was constitutionally defective because appellate counsel failed to argue that trial counsel was ineffective. As explained above, this claim is procedurally defaulted because Petitioner failed to present it in a PLA to the Illinois Supreme Court. Id.

**3. Ineffective Assistance of Appellate Counsel on First Post-conviction Appeal.**

As his third ground for federal habeas relief, Petitioner contends that appellate counsel on Petitioner's first post-conviction appeal was constitutionally defective because appellate counsel failed to raise the allegations of trial counsel's ineffectiveness. As stated above, an ineffective assistance of counsel claim cannot stand when directed at the performance of counsel in a post-conviction proceeding. A habeas petitioner has no constitutional right to effective counsel in a post-conviction proceeding. 28 U.S.C. § 2254(i); Morrison, 898 F.2d at 1300-01. As a result, this claim is dismissed.

**4. Claims of Due Process Violations at Trial**

Petitioner asserts various instances of due process violations at trial. Each of these claims is procedurally defaulted.

### A. Brady Claim

On appeal of Petitioner's successive state post-conviction petition, the Illinois Appellate court declined to hear Petitioner's Brady claims because Petitioner failed to satisfy the requirements of 725 Ill. Comp. Stat. 5/122-2 (2002). That statute requires a criminal defendant challenging his conviction in an Illinois post-conviction proceeding to attach to his petition affidavits, records or other evidence supporting allegations contained in the petition or to explain why the petitioner has not attached such evidence. The Illinois Appellate Court, which was the last state court to rule on Petitioner's Brady claims, unequivocally disposed of those claims because Petitioner failed to meet the statute's requirements.

The Illinois Appellate Court's ruling constitutes an adequate and independent state ground for disposing of Petitioner's Brady claims. Harrison v. McBride, 428 F.3d 652, 664 (7th Cir. 2005). Therefore, the Brady claim contained in Petitioner's habeas petition before this Court is procedurally defaulted. Coleman v. Thompson, 501 U.S. 722, 750-51 (1991); Thomas v. Pierce, 458 F. Supp 2d. 599, 608-09 (N.D. Ill. 2006). Petitioner has presented insufficient evidence to show cause or prejudice so as to excuse his default. Additionally, no fundamental miscarriage of justice will result from the Court's dismissal of Petitioner's Brady claim on procedural grounds.

**B. The Remainder of the Alleged Due Process Violations at Trial**

Petitioner asserts that he was denied due process at trial because (1) the prosecution introduced the victim's perjured testimony, (2) the prosecutor made prejudicial comments during closing arguments, and (3) the trial court issued improper jury instructions. These claims are each procedurally defaulted because Petitioner failed to raise them in a timely filed PLA to the Illinois Supreme Court.[2] Boerckel, 526 U.S. at 845.

Petitioner has failed to establish any cause for failure to present these remaining due process claims to the Illinois Supreme Court. Nor has Petitioner established that a fundamental miscarriage of justice would result from this Court's dismissal of these claims on procedural grounds.

**5. Due Process Claim Based on Consecutive Sentences**

In his fifth ground for federal habeas relief, Petitioner claims that he was denied due process when the trial court imposed consecutive sentences upon him. In making this argument in his habeas petition before this Court, Petitioner references Apprendi v. New Jersey, 530 U.S. 466 (2000) and also seems to raise an abuse of discretion argument as to the trial court that sentenced him.

---

[2] Respondent failed to address Petitioner's improper jury instruction claim in its Answer; however, this Court acts within its authority in raising a procedural default ground for dismissal *sua sponte*. Lewis v. Sternes, 390 F.3d 1019, 1029 (7th Cir. 2004).

First, insofar as Petitioner is asserting an <u>Apprendi</u> claim in his federal habeas petition, that claim is procedurally defaulted. The claim was not presented to the Illinois Supreme Court in a PLA. After the Illinois Appellate Court's August 19, 2003 order affirming the trial court's decision to strike the motion containing the claim, Petitioner did not advance the claim any further in the state appellate process. Therefore, the claim is procedurally defaulted. <u>Boerckel</u>, 526 U.S. at 848. Petitioner is not excused from his default, as he shows insufficient evidence of cause and prejudice. Further, Petitioner fails to show that this Court's dismissal of his <u>Apprendi</u> claim on procedural grounds would result in a fundamental miscarriage of justice. As a result, the Court need not address Petitioner's <u>Apprendi</u> claim on the merits.

The core question with respect to the remainder of Petitioner's sentencing claim is whether Petitioner fairly presented the issue to the Illinois state courts as a federal constitutional claim. In his December 3, 2004 PLA to the Illinois Supreme Court, Petitioner asked that court to consider whether the state trial court abused its discretion in imposing consecutive sentences. It is difficult to determine from the face of Petitioner's habeas petition whether the sentencing claim Petitioner asserts is the same claim that he presented to the Illinois Supreme Court in December 2003. Regardless, even if this Court construes the claims as identical, Petitioner has nonetheless defaulted the claim in his federal habeas petition by failing

12

to fairly present it to the Illinois Supreme Court as a claim based on due process under the United States Constitution.

Under the "fair presentment" test adopted by the Seventh Circuit Court of Appeals in <u>Verdin v. O'Leary</u>, 972 F.2d 1467 (7th Cir. 1992), this Court must consider the following factors in deciding whether Petitioner provided the Illinois state courts with a proper opportunity to rule on his constitutional argument regarding consecutive sentences: whether Petitioner (1) relied on relevant federal case law that employed a constitutional analysis; (2) relied on state cases applying a constitutional analysis to a similar factual situation; (3) asserted the claim in terms so particular as to call to mind a specific constitutional right; or (4) alleged a pattern of facts that is well within the mainstream of constitutional litigation. <u>Verdin</u>, 972 F.2d at 1473. In <u>Verdin</u>, the Court of Appeals noted that the test requires the federal habeas court to consider all factors together, i.e. that the presence of any one factor does not automatically amount to a fair presentment. 972 F.2d at 1473-74.

As to the <u>Verdin</u> test's first prong, while Petitioner did reference the <u>Apprendi</u> decision in his August 24, 2004 brief to the Illinois Appellate Court and in his December 3, 2004 PLA to the Illinois Supreme Court, it is clear that Petitioner did so purely for purposes of offering background information and to explain why he elected to file a second motion to vacate judgment in the trial court. <u>People v. Houston</u>, No. 4-04-0121, Reply Brief And Argument

13

For Defendant-Appellant in the Illinois Appellate Court, Fourth District (Aug. 24, 2004); People v. Houston, No. 4-04-0121, Petitioner's PLA to the Illinois Supreme Court (Dec. 3, 2004).  Petitioner's mere reference to Apprendi in the background section of his briefs to the Illinois courts does not satisfy the Verdin test's first prong.

It is clear from reviewing the arguments presented in Petitioner's briefs to the Illinois courts that Petitioner did not challenge the imposition of consecutive sentences on federal constitutional grounds.  Petitioner's only discernable argument in those briefs is that the sentencing court abused its discretion in imposing consecutive sentences by incorrectly applying Illinois law.  Petitioner cites no federal constitutional case law.  He cites no state cases employing a constitutional analysis.  He fails to assert a claim in terms so particular as to call to mind a specific constitutional right, and the pattern of facts he alleges does not fall within the mainstream of constitutional litigation.  Petitioner's arguments to the Illinois appellate courts on consecutive sentencing were advanced squarely on state law grounds.[3]  As a result, the constitutional argument he appears to assert in his federal habeas petition was not fairly presented to the Illinois Supreme Court.  Petitioner's sentencing claim is, therefore, procedurally defaulted.  Verdin, 972 F.2d 1467.

---

[3] To the extent Petitioner is attempting to argue in this Court that the trial court's imposition of consecutive sentences was a violation of Illinois law, that claim is not cognizable in a federal habeas proceeding.  28 U.S.C. § 2254(a).

### 6. Proven Guilty Beyond Reasonable Doubt Claim

In Petitioner's final ground for habeas relief, he argues that he was denied due process because the trial resulting in his conviction left a reasonable doubt in the minds of the jurors as to his guilt. Respondent argues that this claim is procedurally defaulted because Petitioner failed to raise it in a PLA to the Illinois Supreme Court. Respondent's argument has merit because Petitioner never petitioned the Illinois Supreme Court to consider the issue precisely as it is framed in his federal habeas petition. Nonetheless, Petitioner did petition the Illinois Supreme Court to consider the issue of whether or not he was denied due process when the trial court declined the jury's request to define reasonable doubt. Because Petitioner's petition appears not to have been prepared with the assistance of counsel, it is entitled to a liberal construction. Perruquet v. Briley, 390 F.3d 505, 512 (7th Cir. 2004). The Court construes the petition's final ground as raising the issue of whether or not the state trial judge's refusal to define the term "reasonable doubt" to the jury was a denial of due process under the Fourteenth Amendment. As such, Petitioner has exhausted state remedies as to this claim by advancing it through a complete round of state appellate review. The Court will, therefore, consider this claim on the merits.

Under the AEDPA, the writ of habeas corpus will issue only if the habeas petitioner shows that the challenged state court proceeding resulted in a decision that was (1) contrary to, or involved an unreasonable application

of, clearly established federal law or (2) based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  28 U.S.C. § 2254(d).  A trial court judge's failure to define "reasonable doubt" in a criminal proceeding is simply not a federal constitutional due process violation.  Victor v. Nebraska, 511 U.S. 1, 5 (1994).  The federal Constitution is satisfied so long as the judge instructs the jury that a defendant's guilt must be proven beyond a reasonable doubt.  Id.  Petitioner does not contend that the trial court failed to instruct the jury that it must be convinced beyond a reasonable doubt that Petitioner committed the crimes alleged by the prosecution.  As a result, Petitioner's final ground for habeas relief has no merit.

**7.  Petitioner's Motion for Leave to Expand the Record**

Petitioner has moved this Court to expand the record pursuant to Rule 7(a) of the Rules Governing Section 2254 Cases in the United States District Courts.  It is appropriate for a federal district court to expand the record on habeas review when an expansion will aid in resolving a substantial factual issue.  Bracey v. Gramley, 81 F.3d 684, 693 (7th Cir. 1996), rev'd on other grounds, 520 U.S. 899 (1997).  Petitioner seeks to supplement the existing record with letters to, from and among his various attorneys during his navigation through state court appeals of his criminal conviction.  Petitioner claims that these documents are necessary for him to prove cause and prejudice so as to excuse his procedural defaults.  The crux of Petitioner's

argument for including these documents appears to be a reiteration of his previous ground for habeas relief: that ineffective assistance of direct appellate counsel established cause for procedurally defaulting his ineffective assistance of trial counsel claim. The Court has already addressed that argument in Section III(1) of this opinion. The expansion of the record to include the documents submitted by Petitioner would not be relevant to the Court's analysis of that argument. Therefore, Petitioner's motion is denied.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that the Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2254 is DENIED and Petitioner's Motion for Leave to Expand the Record is DENIED.

CASE TERMINATED.

Entered this 2nd day of September, 2008.

s/ Joe B. McDade
Joe Billy McDade
United States District Judge
